# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HERBERT MANYGOAT,

    Plaintiff,

vs.                                                                              No. CIV 18-0438 JB/JHR

D. JACOBS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Petition for Writ of Habeas Corpus, filed May 9, 2018 (Doc. 1)("Petition"). Plaintiff Herbert Manygoat is incarcerated and proceeds pro se. Because he failed to comply with two orders directing him to pay the filing fee or to file a properly supported in forma pauperis application, the Court will dismiss the case without prejudice.

## BACKGROUND

Manygoat filed the Petition on May 9, 2018. See Petition at 1. He did not pay any filing fee for the action. Although styled as a habeas petition, the pleading appears to raise a civil rights violation and seeks redress pursuant to 42 U.S.C. § 1983. The Petition alleges that prison officials placed Manygoat in solitary confinement without providing an explanation or following the prescribed disciplinary procedure. See Petition at 1-2. Exhibit 4 to the Petition reiterates this theory, alleging a prison disciplinary officer violated his procedural due process rights by imposing such punishment. See Petition at 10. Further, Manygoat did not check the box on the Petition to indicate that he seeks to vacate or correct his sentence. See Petition at 1.

On May 11, 2018, the Court referred the matter to the Honorable Jerry H. Ritter, United States Magistrate Judge, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases at 1, filed May 11, 2018 (Doc. 2). Magistrate Judge Ritter entered his first Order to Cure Deficiency, filed June 7, 2018 (Doc. 4)("First Order"). After observing that the Petition raises civil rights claims instead of seeking habeas relief, the First Order set a deadline of July 9, 2018 to refile a complaint on the proper form, and either prepay the $400.00 civil filing fee or, alternatively, submit an application to proceed in forma pauperis along with a certified copy of Manygoat's inmate account. See First Order at 1. The First Order also directed the Clerk of Court to mail to Manygoat a form Application to Proceed in District Court Without Prepaying Fees or Costs, which also includes instructions on providing a six-month account statement. See First Order at 2.

Manygoat filed a handwritten response. See Letter from Herbert Manygoat at 1, filed June 19, 2018 (Doc. 5)("Extension"). The Extension appears to request an extension of the July 9, 2018 deadlines. See Extension at 1. Manygoat alleges that he requested a six-month account statement to support his in forma pauperis application, see 28 U.S.C. § 1915(a)(2), but commissary Colleen Rivas "obstructed" that request, Extension at 1-2. Manygoat also invited the Court to "consent" to his acquittal in an upcoming jury trial so that, after his release, he could "use a different form for my free process and communicating with you." Extension at 2.

Manygoat filed a second response. See Letter from Herbert Manygoat, filed June 27, 2018 (Doc. 6)("Response"). He again alleges that Rivas would not produce his inmate account statement and notes that a lieutenant instructed him instead to go through the legal department. See Response at 1. The Response also includes arguments about the merits of his due process claims. See Response at 2-3.

Magistrate Judge Ritter granted Manygoat's request for an extension. See Order Extending Cure Deadline at 1, filed June 28, 2018 (Doc. 7)("Second Order"). The Second Order permits Manygoat to file -- within thirty days of the Second Order's entry, i.e., by July 30, 2018 -- a complaint on the proper form, and either prepay the $400.00 civil filing fee or, alternatively, submit an application to proceed in forma pauperis along with a certified copy of his inmate account. See Second Order at 1. Manygoat did not comply or otherwise respond to the Second Order.

**ANALYSIS**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the "[Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (citations omitted)). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation." Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language or Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). In light of Manygoat's failure to comply with two prior orders, and because he still has not paid any filing fee or submitted an application to proceed in forma pauperis, the Court will dismiss this case without prejudice pursuant to rule 41(b).

**IT IS ORDERED** that the Plaintiff's Petition for Writ of Habeas Corpus, filed May 9, 2018 (Doc. 1), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Herbert Manygoat
San Juan County Adult Detention Center
Farmington, New Mexico

    *Plaintiff pro se*